Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
Paul Janzen, OSB #176240
paul@ruggedlaw.com
Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Of Attorneys for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHRISTINA WILLIAMS, an Individual,<br><br>          Plaintiff,<br><br>   v.<br><br>PEACEHEALTH, a corporation,<br><br>          Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

Plaintiff, through counsel, comes before the Court to file this Complaint for Damages against the above-named Defendant. In support of this Complaint, Plaintiff alleges as follows:

### INTRODUCTION

This case centers around the Plaintiff, a former employee of Defendant PeaceHealth, and the unlawful religious or medical discrimination she suffered because of her conflict with taking the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

### JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff is a former employee

of the Defendant who worked for Defendant in the Eugene Area. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon.

2.

Plaintiff has exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and is bringing this Complaint within the 90-day time limit allocated to her by statute. On May 3, 2024, Plaintiff received a 90 day right to sue letter, making her deadline to file suit August 1, 2024. Thus, this lawsuit is timely filed.

3.

In order for an EEOC complaint to put an employer on notice of claims that could impact an entire group of employees, including a plaintiff and other similarly situated individuals, it is not necessary to include class action language or state that the EEOC complaint is on behalf of others similarly situated. *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 380–81 (D. Ariz. 2013), *amended in part sub nom. Estrada v. Bashas' Inc.*, CV-02-00591-PHX-RCB, 2014 WL 1319189 (D. Ariz., Apr. 1, 2014). Plaintiff reserves the right to assert claims on behalf of a class of similarly situated individuals.

4.

On information and belief, PeaceHealth terminated approximately over 100 religious employees who had submitted religious or exemptions from the vaccine mandates and refused to accommodate them in violation of state and federal law. The Plaintiff and other PeaceHealth employees filed over 100 similar complaints with the EEOC or the Oregon Bureau of Labor. After receiving just one EEOC complaint, PeaceHealth was on notice that the Plaintiff and other similarly situated employees intended to their claims for wrongful termination due to PeaceHealth's actions. The EEOC was also on notice about these complaints that numbered in the hundreds.

5.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

6.

As described in greater detail below, Plaintiff worked in a PeaceHealth facility during the COVID-19 pandemic, which began in March of 2020. Plaintiff was an exceptional employee and maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary.

7.

In the summer of 2021, the Defendant imposed a vaccine mandate on its employees. Consistent with state and federal law, employees with religious convictions anathema to the vaccine, or who had medical conditions inconsistent with the vaccine, had the right to apply for religious or medical exceptions to the vaccine.

8.

Plaintiff held sincere and profound religious belief which prevented her from being able to take the available COVID-19 vaccines. Her religious beliefs were in direct conflict with taking the COVID-19 vaccine.

9.

PeaceHealth discovered that the vast majority of the requested exemptions from the vaccine mandate involved religious exemptions. Over 100 employees working for PeaceHealth submitted religious exemptions. PeaceHealth was aware that its policies regarding whether to accommodate those with religious exemptions would have a profound negative effect on the number of religious individuals working for PeaceHealth who has religious beliefs that prevented them from taking the available COVID-19 vaccines.

10.

After Plaintiff and other similarly situated individuals submitted religious exemptions,

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

PeaceHealth's agents were aware that the vast majority of individuals who objected to taking the vaccines did so for religious reasons.

11.

On information and belief, PeaceHealth's agents had religious animus towards the employees with religious convictions against taking any of the available COVID-19 vaccines, and intentionally implemented policies and procedures designed to ensure that those people would not be able to continue working for PeaceHealth under the pretext that continuing to work in a hospital setting would present a health risk to other employees or employees themselves.

12.

PeaceHealth's claims of undue burden are also belied by the fact that PeaceHealth refused to provide remote work as an accommodation for workers who submitted religious exemptions.

13.

PeaceHealth not only failed to provide reasonable accommodation to its employees who sought exemptions from the COVID-19 vaccine mandate, it also placed them on unpaid administrative leave for a significant amount of time, resulting in a wrongful reduction in pay during the time that religious employees were placed on unpaid leave. During this time, PeaceHealth used the financial pressure imposed by its unpaid leave to try to force religious employees to get vaccinated, despite their sincere religious convictions. The time period on unpaid leave often meant that employees could not get a new job because they were still technically employed, even though PeaceHealth quickly cut off most employee benefits.

14.

When PeaceHealth finally chose to terminate those religious employees who still had not taken the vaccine after months of unpaid leave, many employees could not find jobs, because other regional hospitals had enacted similar policies. Religious hospital employees with specialized jobs often had difficulty finding new employment after termination. Some had to move out of state or change professions entirely. PeaceHealth's decision to terminate religious

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

employees caused significant financial hardship and emotional trauma to those employees on a massive scale.

15.

Plaintiff Christina Williams worked for approximately four years without incident and with positive reviews as a Certified Medical Assistant in the Pediatric Behavioral Health Outpatient unit.

16.

On or about August 16, 2021, Plaintiff applied for a religious exception from the vaccine based on her sincerely held beliefs as she is a devout Christian. Plaintiff informed PeaceHealth that she believes in the Bible and that God forms babies in the womb. She explained that she believes that abortion is murder and that taking a vaccine which was created, tested or manufactured using aborted fetal cell lines is a sin. In addition, Plaintiff explained to PeaceHealth that she has been blessed to be a mother of three, and that she whole-heartedly believes that the vaccine is not of God's creation to help man overcome the perils of the virus.  Therefore, due to her religious beliefs she could not take the vaccine, "before I formed you in the womb, I knew you, before you were born, I set you apart: I appointed you prophet to the nations." Jeremiah 1:5. Plaintiff was informed her religious exception request was accepted, but instead of providing reasonable accommodations that allowed her to continue to work, Defendant placed her on unpaid leave on or about September 1, 2021.

17.

Defendant's unlawful actions caused Plaintiff mental and emotional distress, including anxiety, and stress. Plaintiff is the sole provider for her family. The loss of her income and benefits resulted in great financial stress, including the need for rental and utilities assistance, and making late payments on loans.  She was forced to withdraw money from her retirement account. Plaintiff has incurred economic damages of at least $40,000.00 and non-economic damages of at least $10,000.00, or an amount to be determined at trial.

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

18.

## FIRST CLAIM FOR RELIEF
### (Unlawful Employment Discrimination Based on Religion
### in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

19.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenets of Christianity.

20.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

21.

When Plaintiff requested an exception to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

22.

Instead of finding reasonable accommodation or set of accommodations to accommodate the Plaintiff's religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful effective termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's individual wrongful effective termination.

23.

Defendant's violations of ORS 695A.030(1) are more specifically described as follows:

1. Wrongful Termination. Defendant wrongfully terminated Plaintiff in violation of ORS 695A.030 by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation and effectively terminating them after they invoked their rights under ORS 695A.030 in their requests for religious exemptions from the

---

Page 6 – COMPLAINT FOR DAMAGES

vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection and separating them as a group to be effectively terminated, violated 695A.030 anti-discrimination prohibition on the basis of both disparate treatment and disparate impact. Disparate treatment occurred when Defendant used a completely new religious exemption review process during the COVID-19 mandate that was much stricter than any previous religious exemption processes for vaccine mandates.

2. Wrongful reduction in pay. Defendant wrongfully reduced the Plaintiff's pay under Title VII and ORS 695A.030(1)(b) in a discriminatory manner on the basis of her religion by placing her on extended unpaid administrative leave after she submitted a religious exemption and prior to termination. This action also constituted constructive termination.

3. Retaliation. Defendant violated retaliation provisions of ORS 695A.030 by segregating and terminating the Plaintiff and other similarly situated individuals who invoked ORS 695A.030 protections in their initial requests for religious exemptions, and then effectively terminating them for that invocation of their rights under ORS 695A.030. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation.

4. Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiffs' request for a religious exemption in violation of ORS 695A.030. Even though Defendant could have simply and safely permitted the Plaintiffs to continue working under a religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant summarily placed Plaintiffs and other similarly situated employees who filed religious exemptions on unpaid administrative leave, regardless of the nature of their position and the level of risk they may have posed. Defendant did not treat Plaintiff like it had treated similarly situated religious employees regarding prior vaccine mandates for influenza or other diseases.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Previously, employees needed to simply check a box to obtain a religious exemption. All these policies, procedures, and practices involving the way PeaceHealth treated religious employees seeking religious exemptions demonstrated religious animus to those employees, treating them differently than similarly situated religious employees during prior pandemics and vaccine mandates.

5.  PeaceHealth implemented a company-wide, or systemic, discriminatory pattern or practice in violation of ORS 695A.030 which had a disparate negative impact on religious healthcare employees in Oregon. Company-wide, or systemic, discriminatory pattern or practice in violation of Title VII of the Civil Rights Act. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field. Many employees, particularly those with specialized hospital positions, were forced to move to other states or retrain to work in a totally different field due to PeaceHealth's discriminatory policies.

24.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has incurred economic damages of at least $40,000.00 and non-economic damages of at least $100,000.00 or in an amount to be determined at trial. Plaintiff further seeks attorney's fees under ORS 695A.885.

25.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**
**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

26.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenets of Christianity.

27.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

28.

When Plaintiff requested a religious exception to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiff's religious beliefs.

29.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful effective termination. The unlawful discrimination against Plaintiff's religious beliefs by Defendant as outlined above was a proximate cause of Plaintiff's wrongful effective termination.

30.

Defendant's violations of Title VII are more specifically described as follows:

1. Wrongful Termination. Defendant wrongfully terminated the Plaintiff in violation of Title VII of the United States Civil Rights Act by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation, and effectively terminating them after they invoked their rights under Title VII in their requests for religious exemptions from the vaccine mandates. Defendant, by thus identifying each individual disfavored employee with sincere religious objection and separating all as a group to be effectively terminated, violated Title VII's anti-discrimination prohibition on

Rugged Law, Inc.
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

the basis of both disparate treatment and disparate impact. Disparate treatment occurred when Defendant used a completely new religious exemption review process during the COVID-19 mandate that was much stricter than any previous religious exemption process from previous vaccine mandates.

2.  Defendant's actions caused an adverse impact both on the religious employees with specific religious beliefs which prohibited them from taking the vaccine, as well as Christians in general. Most of the employees submitting religious exemptions were from some denomination of Christianity. As a result, PeaceHealth's policies led to a substantial reduction in the number of Christian employees who work there and led to a complete exclusion and termination of anyone who had religious beliefs in opposition to the COVID-19 vaccines.

3.  Wrongful reduction in pay. Defendant wrongfully reduced Plaintiff's pay under Title VII and ORS 695A.030(1)(b) in a discriminatory manner on the basis of her religion by placing her on unpaid administrative leave after she submitted a religious exemption and prior to termination. This action also constituted constructive termination.

4.  Retaliation. Defendant violated retaliation provisions of Title VII by segregating and terminating the Plaintiff and other similarly situated individuals who invoked Title VII's protections in their initial requests for religious exemptions, and then placing them on extended unpaid leave, effectively terminating them for that invocation of their rights under Title VII. Defendant, by thus identifying each individual disfavored employee with sincere religious objection, and separating all as a group for retaliation, violated Title VII's anti-discrimination prohibition on the basis of retaliation.

5.  Failure to provide reasonable accommodation. Defendant failed to engage in an interactive process to reasonably accommodate the Plaintiff's requests for a religious exemption in violation of Title VII and the corresponding provisions of Oregon law. Even though Defendant could have simply and safely permitted Plaintiff to continue working under a

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

religious exemption with an N95 mask, weekly testing, remote work, or another accommodation, Defendant summarily placed Plaintiff and other similarly situated employees who filed religious exemptions on unpaid administrative leave, regardless of the nature of their position and the level of risk they may have posed. Defendant did not treat Plaintiff like it had treated similarly situated religious employees regarding prior vaccine mandates for influenza or other diseases. Previously, employees needed to simply check a box to obtain a religious exemption. These policies, procedures, and practices involving the way PeaceHealth treated religious employees seeking religious exemptions demonstrated religious animus to those employees, treating them differently than similarly situated religious employees during prior pandemics and vaccine mandates.

6.  PeaceHealth implemented a company-wide, or systemic, discriminatory pattern or practice in violation of Title VII of the Civil Rights Act and ORS 695.030 which had a disparate negative impact on religious employees in Oregon. This policy was applied to a large number of people within the company. Thus, the discriminatory impact was widespread. Defendant engaged in a companywide discriminatory pattern or practice of wrongfully placing the Plaintiff and other employees seeking religious exemptions from the COVID-19 vaccine mandate on unpaid administrative leave regardless of the nature of their degree in involvement with patient care and without making any attempt to reasonably accommodate their religious practices so that they could continue in the healthcare field. This had a significant impact on Christians within PeaceHealth and led to a substantial number of Christian healthcare employees being unable to work in Oregon during the remainder of the pandemic. Many employees, particularly those with specialized hospital positions, were forced to move to other states or retrain to work in a totally different field due to PeaceHealth's discriminatory policies.

31.

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

Plaintiff has incurred economic damages of at least $40,000.00 and non-economic damages of at least $100,000.00 or in an amount to be determined at trial. Plaintiff seeks punitive damages. She also seeks her attorney fees under the provisions of Title VII.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff demands judgment against Defendant and seek the following relief:

1.  Judgment in favor of Plaintiff and against Defendant on all claims relevant to her in an amount to be determined at trial.

2.  Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3.  Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4.  Any other relief as the Court deems just and equitable.

DATED this 1st day of August, 2024.


RUGGED LAW, INC.

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
Paul Janzen, OSB No. 176240
caroline@ruggedlaw.com
Of Attorneys for the Plaintiff

**Rugged Law, Inc.**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999